■ INCORPORATED VILLAGE OF LLOYD HARBOR et al., Respondents, v. TOWN OF HUNTINGTON, Appellant. CHESTER S. WILLIAMS et al., Respondents, v. TOWN OF HUNTINGTON et al., Appellants. — In a consolidated action for a judgment declaring a statute to be unconstitutional, for an injunction and for other relief, the Town of Huntington and the members constituting the Town Board of said town appeal from a judgment entered on a decision after trial in favor of respondents against appellants. Judgment affirmed,

with costs, on the opinion of the Special Term. (*Incorporated Vil. of Lloyd Harbor* v. *Town of Huntington,* 3 Misc 2d 849.) Wenzel, Acting P. J., Murphy, Hallinan and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: The Town of Huntington in Suffolk County has acquired land lying wholly within the incorporated Villages of Lloyd Harbor and Huntington Bay, which it has established and maintained for public beach purposes. Such use is contrary to the zoning ordinances of the villages. Claiming that the sole authority for the acquisition of land for such purposes arose from chapter 840 of the Laws of 1955, the villages instituted this action to declare the statute unconstitutional and to enjoin the town from operating a bathing beach on the properties. Plaintiffs Williams and others instituted a taxpayers' action for similar relief. The two actions were consolidated. At Special Term judgment was granted for plaintiffs, after trial, on the ground that the 1955 statute violated section 17 of article III of the New York State Constitution, in that the statute was a private or local bill " Incorporating villages " which the Legislature was without power to enact. The power of the town to acquire land for park or playground purposes arose, not from the 1955 statute, but from chapter 87 of the Laws of 1906 (amd. by L. 1943, ch. 710); chapter 391 of the Laws of 1922 (General Municipal Law, § 241), and chapter 634 of the Laws of 1932 (Town Law, § 220, subd. 4). These statutes do not limit the acquisition of property by the town for park purposes to that lying outside an incorporated village. Therefore, they must be construed as permitting the acquisition of property for park purposes anywhere within the town. (See 4 Op. St. Compt., 1948, p. 596; 9 Op. St. Compt., 1953, p. 336.) This power in the town existed by virtue of the first two mentioned statutes long before the villages in question were incorporated and by virtue of all three statutes long before they enacted zoning ordinances. Therefore, the statutes could not, and did not, amend the charters or the powers of these two villages. In my opinion, the establishment and maintenance of a public park, at least for zoning purposes, must be deemed a governmental function. (*Brush* v. *Commissioner,* 300 U. S. 352, 371.) Therefore, the zoning restrictions enacted by the villages are not applicable to such use. (*Nehbras* v. *Incorporated Vil. of Lloyd Harbor,* 2 N Y 2d 190.) Subdivision 4 of section 198 of the Town Law is inapplicable to a public park. It deals solely with park district parks.